Case No. 24-11799-D

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

RICKY JOHNSON,

Plaintiff-Appellant,

v.

HEATHER TURNER, et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Georgia
District Court Case No. 5:16-cv-00453-TES-MSH

**UNOPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF OUT OF TIME**

Manoj S. Varghese
Jeffrey W. Chen
Amanda D. Bradley
BONDURANT MIXSON
& ELMORE LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
varghese@bmelaw.com
chen@bmelaw.com
bradley@bmelaw.com

*Attorneys for Plaintiff-Appellant Ricky Johnson*

Case No. 24-11799-D
*Ricky Johnson v. Heather Turner, et al.*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

In accordance with Eleventh Circuit Rules 26.1-1 through 26.1-3, counsel for Plaintiff-Appellant Ricky Johnson certify that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations (including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party) that have an interest in the outcome of this particular case or appeal:

- Alvarado, Donna M. - Member of Board of Directors for CoreCivic, Inc.
- Bradley, Amanda D. - Counsel for Plaintiff-Appellant Ricky Johnson
- Barrow, Donald
- Bondurant Mixson & Elmore LLP - Counsel for Plaintiff-Appellant Ricky Johnson
- Brooks, J. Kyle - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Butler Snow LLP - Counsel for Defendant-Appellee Kevin Marler and Melody Turner

- Carr, Christopher M. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Carter, Allen
- Chalmers, Roger A. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Chaudhary, Ayaz
- Chen, Jeffrey W. - Counsel for Plaintiff-Appellant Ricky Johnson
- CoreCivic, Inc. - Employer and/or former employer of Defendant-Appellee Kevin Marler and Melody Turner. CoreCivic, Inc. is a successor corporation by name change of Corrections Corporation of America. ***CoreCivic, Inc. is a publicly traded company using the symbol CXW on the New York Stock Exchange***.
- Cuismano, Ellen - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Dennis, Robert J. - Member of Board of Directors for CoreCivic, Inc.
- DiStanislao, Phillip Thomas - Counsel for Defendant-Appellee Kevin Marler
- Durling, Gabrielle - Counsel for Plaintiff-Appellant Ricky Johnson
- Emkes, Mark A. - Chairman of Board of Directors for CoreCivic, Inc.

- Ferrell, Joy – Personal Representative of The Estate of Thomas Ferrell, Defendant
- Ferrell, Thomas – Defendant
- Greene, Jordan L. - Counsel for Plaintiff-Appellant Ricky Johnson
- Hart, Derrell James
- Hininger, Damon T. - Member of Board of Directors for CoreCivic, Inc.
- Hylton, Stacia - Member of Board of Directors for CoreCivic, Inc.
- Hyles, Hon. M. Stephen - United States Magistrate Judge
- Johnson, Glen
- Johnson, Ricky - Plaintiff-Appellant
- Kirkland & Ellis LLP - Counsel for Plaintiff-Appellant Ricky J. Johnson
- Lappin, Harley G. - Member of Board of Directors for CoreCivic, Inc.
- Lewis, E. Righton J. - Counsel for Defendant-Appellee Kevin Marler and Melody Turner
- Lewis, Sharon - Defendant
- Mariucci, Anne L. - Member of Board of Directors for CoreCivic, Inc.
- Marler, Kevin - Defendant-Appellee
- Marshall, Thurgood Jr. - Member of Board of Directors of CoreCivic, Inc.

- McKinnon, Constance L. - Counsel for Plaintiff-Appellant Ricky Johnson
- Merriam, Darina - Counsel for Plaintiff-Appellant Ricky Johnson
- Mitchell, Kasdin M. - Counsel for Plaintiff-Appellant Ricky Johnson
- Mohammad
- Montgomery, Lemuel E. - Counsel for Defendant-Appellee Kevin Marler
- Moore, Christi R. - Counsel for Defendant-Appellee Kevin Marler
- Morris, Anna Little - Counsel for Defendant-Appellee Kevin Marler
- Murphy, Devin - Member of Board of Directors for CoreCivic, Inc.
- Overby, Charles L. - Member of Board of Directors for CoreCivic, Inc.
- Pacious, Kathleen M. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Petrany, Stephen J. - Counsel for Sharon Lewis and Joy Ferrell
- Prann, John R. Jr. - Member of Board of Directors for CoreCivic, Inc.
- Pinson, Andrew - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Rajavuori, Derek S. - Counsel for Defendant-Appellee Kevin Marler and Melody Turner
- Self, Hon. Tilman III - United States District Judge

- Stay, Ronald J. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Tatum, Clayton
- Toole, Thomas Robert
- Turner, Melody
- Varghese, Manoj S. - Counsel for Plaintiff-Appellant Ricky Johnson
- Waller, Nia Nzinga - Counsel for Defendants Sharon Lewis and Thomas Ferrell
- Ward, Timothy C. - Commissioner of the Georgia Department of Corrections

## Corporate Disclosure Statement

Pursuant to 11th Cir. R. 26.1-3(b), Counsel for Plaintiff-Appellant Ricky Johnson certify, aside from CoreCivic, Inc., no publicly traded company or corporation has an interest in the outcome of this case.

**UNOPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF OUT OF TIME**

Appellant respectfully moves for leave to file his Reply Brief out of time in accordance with this Court's May 8, 2025 notice to the undersigned counsel for Appellant. *See* Reply Brief of Appellant, attached hereto as Exhibit 1. Appellant seeks this leave under Eleventh Circuit Rule 25-3(i), which states that "[a]n ECF Filer whose filing is untimely as the result of a technical failure may seek appropriate relief from the court."

Appellant's Reply Brief was due on May 7, 2025 by 11:59 PM. As explained further in the Declaration of Virginia R. Laymon, Appellant encountered technical difficulties when attempting to upload a pdf copy of his Reply brief to the PACER/ECF system. Declaration of Virginia R. Laymon, attached hereto as Exhibit 2. Although Appellant's counsel attempted to submit the Reply Brief through the PACER/ECF system within the time permitted by this Court, his Reply Brief was not accepted by the system until May 8, 2025 at 12:01 AM – two minutes after the filing deadline. Appellant's counsel notes here that she understands the importance of meeting deadlines and regrets any inconvenience to the Court and opposing counsel caused by the late filing.

For the foregoing reasons, Appellant respectfully requests that the Court grant his motion for leave to file his Reply Brief out of time. Counsel for Appellees have advised that they do not oppose this Motion.

Respectfully submitted this 8th day of May, 2025.

***/s/ Amanda D. Bradley***

Manoj S. Varghese
Georgia Bar No. 734668
Jeffrey W. Chen
Georgia Bar No. 640207
Amanda D. Bradley
Georgia Bar No. 560602

BONDURANT MIXSON
& ELMORE LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4104
varghese@bmelaw.com
chen@bmelaw.com
bradley@bmelaw.com

*Attorneys for Appellant-Plaintiff*
*Ricky Johnson*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure because it contains 237 words as counted by the word-processing system used to prepare the document

This certification is made on May 8, 2025.

***/s/ Amanda D. Bradley***

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Counsel for all parties will be served with the foregoing document by the Court's CM/ECF System.

***/s/ Amanda D. Bradley***

E
X
H
I
B
I
T

1

Case No. 24-11799-D

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

RICKY JOHNSON,

Plaintiff-Appellant,

v.

HEATHER TURNER, et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Georgia
District Court Case No. 5:16-cv-00453-TES-MSH

# REPLY BRIEF OF APPELLANT

Manoj S. Varghese
Jeffrey W. Chen
Amanda D. Bradley
BONDURANT MIXSON
& ELMORE LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
varghese@bmelaw.com
chen@bmelaw.com
bradley@bmelaw.com

*Attorneys for Plaintiff-Appellant Ricky Johnson*

Case No. 24-11799-D
*Ricky Johnson v. Heather Turner, et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Eleventh Circuit Rules 26.1-1 through 26.1-3, counsel for Plaintiff-Appellant Ricky Johnson certify that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations (including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party) that have an interest in the outcome of this particular case or appeal:

- Alvarado, Donna M. - Member of Board of Directors for CoreCivic, Inc.
- Bradley, Amanda D. - Counsel for Plaintiff-Appellant Ricky Johnson
- Barrow, Donald
- Bondurant Mixson & Elmore LLP - Counsel for Plaintiff-Appellant Ricky Johnson
- Brooks, J. Kyle - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Butler Snow LLP - Counsel for Defendant-Appellee Kevin Marler and Melody Turner

- Carr, Christopher M. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Carter, Allen
- Chalmers, Roger A. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Chaudhary, Ayaz
- Chen, Jeffrey W. - Counsel for Plaintiff-Appellant Ricky Johnson
- CoreCivic, Inc. - Employer and/or former employer of Defendant-Appellee Kevin Marler and Melody Turner. CoreCivic, Inc. is a successor corporation by name change of Corrections Corporation of America. ***CoreCivic, Inc. is a publicly traded company using the symbol CXW on the New York Stock Exchange***.
- Cuismano, Ellen - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Dennis, Robert J. - Member of Board of Directors for CoreCivic, Inc.
- DiStanislao, Phillip Thomas - Counsel for Defendant-Appellee Kevin Marler
- Durling, Gabrielle - Counsel for Plaintiff-Appellant Ricky Johnson
- Emkes, Mark A. - Chairman of Board of Directors for CoreCivic, Inc.

- Ferrell, Joy – Personal Representative of The Estate of Thomas Ferrell, Defendant
- Ferrell, Thomas – Defendant
- Greene, Jordan L. - Counsel for Plaintiff-Appellant Ricky Johnson
- Hart, Derrell James
- Hininger, Damon T. - Member of Board of Directors for CoreCivic, Inc.
- Hylton, Stacia - Member of Board of Directors for CoreCivic, Inc.
- Hyles, Hon. M. Stephen - United States Magistrate Judge
- Johnson, Glen
- Johnson, Ricky - Plaintiff-Appellant
- Kirkland & Ellis LLP - Counsel for Plaintiff-Appellant Ricky J. Johnson
- Lappin, Harley G. - Member of Board of Directors for CoreCivic, Inc.
- Lewis, E. Righton J. - Counsel for Defendant-Appellee Kevin Marler and Melody Turner
- Lewis, Sharon - Defendant
- Mariucci, Anne L. - Member of Board of Directors for CoreCivic, Inc.
- Marler, Kevin - Defendant-Appellee
- Marshall, Thurgood Jr. - Member of Board of Directors of CoreCivic, Inc.

- McKinnon, Constance L. - Counsel for Plaintiff-Appellant Ricky Johnson
- Merriam, Darina - Counsel for Plaintiff-Appellant Ricky Johnson
- Mitchell, Kasdin M. - Counsel for Plaintiff-Appellant Ricky Johnson
- Mohammad
- Montgomery, Lemuel E. - Counsel for Defendant-Appellee Kevin Marler
- Moore, Christi R. - Counsel for Defendant-Appellee Kevin Marler
- Morris, Anna Little - Counsel for Defendant-Appellee Kevin Marler
- Murphy, Devin - Member of Board of Directors for CoreCivic, Inc.
- Overby, Charles L. - Member of Board of Directors for CoreCivic, Inc.
- Pacious, Kathleen M. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Petrany, Stephen J. - Counsel for Sharon Lewis and Joy Ferrell
- Prann, John R. Jr. - Member of Board of Directors for CoreCivic, Inc.
- Pinson, Andrew - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Rajavuori, Derek S. - Counsel for Defendant-Appellee Kevin Marler and Melody Turner
- Self, Hon. Tilman III - United States District Judge

- Stay, Ronald J. - Counsel for Defendant Sharon Lewis, Defendant Thomas Ferrell, and Glen Johnson
- Tatum, Clayton
- Toole, Thomas Robert
- Turner, Melody
- Varghese, Manoj S. - Counsel for Plaintiff-Appellant Ricky Johnson
- Waller, Nia Nzinga - Counsel for Defendants Sharon Lewis and Thomas Ferrell
- Ward, Timothy C. - Commissioner of the Georgia Department of Corrections

**Corporate Disclosure Statement**

Pursuant to 11th Cir. R. 26.1-3(b), Counsel for Plaintiff-Appellant Ricky Johnson certify, aside from CoreCivic, Inc., no publicly traded company or corporation has an interest in the outcome of this case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ....................C-1

INTRODUCTION ....................1

ARGUMENT AND CITATION OF AUTHORITY ....................2

I. Appellant's appeal is timely, and this Court has jurisdiction over it ....................2

II. Appellant did not forfeit the *argument* that he is entitled to his full reasonable attorneys' fees under 42 U.S.C. § 1988 specifically because § 1997e(d)'s restrictions on prisoners' fees is unconstitutional ....................8

III. Appellant is entitled to recover his full attorneys' fees under § 1988 ....................15

A. 42 U.S.C. § 1997e(d)'s limits on prisoners' attorney fee awards are unconstitutional ....................15

B. The prior-panel-precedent rule does not limit this panel's ability to address issues not previously addressed in Jackson ....................19

# TABLE OF AUTHORITIES

**Cases**:

*Access Now, Inc. v. Sw. Airlines Co.*,
385 F.3d 1324 (11th Cir. 2004) .......................................................... 9

*Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*,
677 F.3d 1286 (11th Cir. 2012) .......................................................... 14

*Blue Martini Kendall, LLC v. Miami Dade Cnty. Fla.*,
816 F.3d 1343 (11th Cir. 2016) .......................................................... 14

*Bourtzakis v. United States Att'y Gen.*,
940 F.3d 616 (11th Cir. 2019) .......................................................... 12

*Brown v. United States*,
720 F.3d 1316 (11th Cir. 2013) .......................................................... 13

*Burns v. Lawther*,
53 F.3d 1237 (11th Cir. 1995) .......................................................... 2

*City of Cleburne v. Cleburne Living Ctr.*,
473 U.S. 432 (1985) .......................................................... 16, 18

*ECB USA, Inc. v. Chubb Ins. Co. of NJ*,
No. 24-789, 2025 WL 889161 (U.S. Mar. 24, 2025) .......................................................... 8

*ECB USA, Inc. v. Chubb Insurance Co. of New Jersey*,
113 F.4th 1312 (11th Cir. 2024) .......................................................... 8, 9

*Edwards v. Prime, Inc.*,
602 F.3d 1276 (11th Cir. 2010) .......................................................... 19

*Edwards v. U.S. Att'y Gen.*,
97 F.4th 725 (11th Cir. 2024) .......................................................... 19

*FTC v. Minneapolis-Honeywell Regulator Co.*,
344 U.S. 206 (1952) .......................................................... 3, 4, 7



#5137893v1

*Holden v. Holiday Inn Club Vacations Inc.*,
98 F.4th 1359 (11th Cir. 2024) ........................................................ 13

*In re Biscayne Park, LLC*,
540 F. App'x 952 (11th Cir. 2013) ........................................................ 14

*In re Home Depot Inc.*,
931 F.3d 1065 (11th Cir. 2019) ........................................................ 10, 12

*Jackson v. State Bd. of Pardons & Paroles*,
No. CIV. 2:01-CV-068-WCO, 2002 WL 1609804
(N.D. Ga. May 30, 2002) ........................................................ 10-11, 19-22

*Leger v. U.S. Att'y Gen.*,
101 F.4th 1295 (11th Cir. 2024) ........................................................ 19-20

*Mathews v. Lucas*,
427 U.S. 495 (1976) ........................................................ 16

*Ohneck v. Comm'r, Soc. Sec. Admin.*,
No. 22-13984, 2023 WL 8946613 (11th Cir. Dec. 28, 2023) ........................ 10

*Perez v. AC Roosevelt Food Corp.,*
744 F.3d 39 (2d Cir. 2013) ........................................................ 4-5

*Porter v. Nussle*,
534 U.S. 516 (2002) ........................................................ 17

*Romer v. Evans*,
517 U.S. 620 (1996) ........................................................ 1, 16

*Ruiz v. Wing*,
991 F.3d 1130 (11th Cir. 2021) ........................................................ 2

*S.L. ex rel. Loof v. Upland Unified Sch. Dist.*,
747 F.3d 1155 (9th Cir. 2014) ........................................................ 7

*Sapuppo v. Allstate Floridian Ins. Co.*,
739 F.3d 678 (11th Cir. 2014) ........................................................ 13



#5137893v1

*Scott v. United States*,
890 F.3d 1239 (11th Cir. 2018) ....................19

*Smith v. Soc. Sec. Admin., Comm'r*,
No. 22-11407, 2023 WL 6938521 (11th Cir. Oct. 20, 2023) ....................10, 12

*Souratgar v. Lee Jen Fair*,
818 F.3d 72 (2d Cir. 2016) ....................5-7

*U.S. Dep't of Agric. v. Moreno*,
413 U.S. 528 (1973) ....................2, 16-17

*United States v. Bazantes*,
978 F.3d 1227 (11th Cir. 2020) ....................19-20

*United States v. Birge*,
830 F.3d 1229 (11th Cir. 2016) ....................19-20

*United States v. Campbell*,
26 F.4th 860 (11th Cir. 2022) ....................8

*United States v. Holland*,
117 F.4th 1352 (11th Cir. 2024) ....................14

*United States v. Montenegro*,
1 F.4th 940 (11th Cir. 2021) ....................13

*United States v. Viscome*,
144 F.3d 1365 (11th Cir. 1998) ....................14

*VFS Leasing Co. v. Markel Ins. Co.*,
120 F.4th 745 (11th Cir. 2024) ....................12-23

*Vill. of Willowbrook v. Olech*,
528 U.S. 562 (2000) ....................16

*Wolff v. McDonnell*,
418 U.S. 539 (1974) ....................1

*Woodford v. Ngo*,
548 U.S. 81 (2006)....................................................................17

**Statutes and Rules**:

28 U.S.C. § 1961(a) ....................................................................4

42 U.S.C. § 1988....................................................................8-11, 14-15

42 U.S.C. § 1988(b) ....................................................................11

42 U.S.C. § 1997e(d) .................................................... 1, 8-12, 14-15, 17-18, 21-22

Federal Rule of Appellate Procedure 4(a)(1)(A) ..........................................3

Federal Rule of Civil Procedure 58(a)(3) ..........................................3

Federal Rule of Civil Procedure 58(c)(2)(B)..........................................7

Federal Rule of Civil Procedure 79(a)..........................................8

**Other Authorities**:

Antonin Scalia & Bryan A. Garner, Reading Law 69 (2012) ..................................3

## INTRODUCTION

Although the Supreme Court has made abundantly clear that "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for [a] crime," Appellees argue otherwise. *See Wolff v. McDonnell*, 418 U.S. 539, 555–56 (1974) ("Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination . . . [and] may also claim the protections of the Due Process Clause."). Appellees posit that because Appellant's liberty is "restrained in nearly every [other] facet of life," his differential treatment under the attorneys' fees provision of the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(d), is *necessarily* rationally related to a legitimate governmental interest. *See* Brief of Defendant-Appellees ("Appellees' Br.") at 36. But that reasoning conflicts with binding Supreme Court precedent and contravenes the foundational principle that all persons—including those who are incarcerated—are entitled to equal protection of the laws.

As Appellant explained in his opening brief, while the Fifth Amendment's equal protection guarantee "must [certainly] coexist with the practical necessity that most legislation classifies for one purpose or another," it also requires that legislative classifications "bear[] a rational relation to some *legitimate end*." *Romer v. Evans*, 517 U.S. 620, 631 (1996) (emphasis added). At the very least, legislative classifications may not manifest "*a bare congressional desire to harm a politically*

*unpopular group*." *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973) (emphasis added).

Instead of confronting this clear and controlling standard, Appellees attempt to sweep it under the rug, failing to even acknowledge *Moreno* or to challenge Appellant's core arguments that (1) at best, the PLRA's fee cap arbitrarily treats prisoners who receive monetary damages differently than any other class of individuals who successfully prove a violation of their constitutional rights; and (2) at worst, Congress implemented the cap to harm an undisputedly politically unpopular group, given that several provisions of the PLRA already address frivolous litigation in a comprehensive manner, and that the cap applies solely to the very category of claims that *by definition* cannot be frivolous.

Rather than reckon with these issues, Appellees urge this Court to avoid them, arguing that Appellant's appeal was untimely or that the issues raised therein were forfeited. Appellees are wrong, and this Court should address the merits of Appellant's claims.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Appellant's appeal is timely, and this Court has jurisdiction over it.

This Court "construe[s] rules of procedure like any other statutory scheme, *i.e.*, by determining the rule's plain meaning." *Ruiz v. Wing*, 991 F.3d 1130, 1138 (11th Cir. 2021) (citing *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995))

(emphasis added). "Indeed, [t]he ordinary-meaning rule is the most fundamental semantic rule of interpretation." *Id.* (quoting Antonin Scalia & Bryan A. Garner, Reading Law 69 (2012)) (internal quotations omitted). As Appellant explained in response to this Court's jurisdictional question and will discuss only briefly here, Federal Rule of Appellate Procedure 4(a)(1)(A) unambiguously provides that a notice of appeal must be filed within "30 days after entry of the judgment *or* order appealed from." Fed. R. App. P. ("FRAP") 4(a)(1)(A) (emphasis added). Although Federal Rule of Civil Procedure 58(a)(3) provides that "a separate document is not *required* for an order disposing of a motion . . . for attorney's fees," nothing in the Rule prohibits a district court from entering both an order and a judgment and treating the judgment as the final disposition of the fee motion, as the district court did in this case. *See* Fed. R. Civ. P. 58(a)(3) (emphasis added). Appellees confuse what the Rules permit and what they require. Where a district court enters both a judgment and an order, the appellant's notice of appeal must be filed "30 days after entry of the judgment *or* order appealed from"—consistent with the plain language of FRAP 4(a)(1)(A). *See* FRAP 4(a)(1)(A) (emphasis added).

*FTC v. Minneapolis-Honeywell Regulator Co.* does not change this analysis. *See* 344 U.S. 206, 211–12 (1952). *Minneapolis-Honeywell* involved two *judgments*, with the second judgment "reiterat[ing], without change, everything which had [previously] been decided." *Id.* at 249. There was only one judgment in

this case as to attorneys' fees—the trial court's April 29, 2024 judgment. That the trial court's April 2024 judgment constitutes the only "judgment" is confirmed by the district court's directive that interest must begin to accrue on Appellant's fees on "the date of entry of judgment," rather than the date of the fee order. Doc. 342 at 1; *see* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . *Such interest shall be calculated from the date of the entry of the* ***judgment***.") (emphasis added). Tellingly, Appellees do not address the district court's instruction that interest run from the date of the judgment rather than that of the earlier order. Ultimately, *Minneapolis-Honeywell*'s rule that, "[o]nly when the lower court changes matters of substance, or resolves a genuine ambiguity, in *a judgment previously rendered* should the period within which an appeal must be taken . . . begin to run anew," is inapposite here. 344 U.S. at 211–12 (citations omitted).

*Perez v. AC Roosevelt Food Corp.* is similarly inapposite. *See* 744 F.3d 39 (2d Cir. 2013). In *Perez*, the trial court entered an order granting the plaintiff's motion for attorneys' fees. Rather than direct the clerk of court to separately enter judgment, the court "directed [the clerk] to close the case"—indicating that the order represented the final disposition or judgment in the case. *Id.* at 41. Nearly three months later, the plaintiff filed a motion to reopen the case and to have judgment entered. *Id.* The defendants then appealed the judgment. *Id.* Concluding

that the trial court's order and judgment were "identical in every way," the Second Circuit held that the defendants' appeal was untimely, emphasizing that the defendants' appeal period could not have reset absent a substantive alteration or resolution of a genuine ambiguity in the second "judgment." *Id.* at 42.

Unlike in *Perez*, the district court's order here did not constitute a judgment because it was not intended to represent the final disposition of the fee motion. Rather than direct the clerk to close the case like the district court in *Perez*, the district court here directed the clerk to enter a separate judgment. Further, the order and judgment in this case were not identical: the district court directed that interest would be calculated based on the date of the judgment for the first time in the judgment itself. In doing so, the district court identified Appellant's post-judgment rights for the first time—or, if this Court considers the district court's original order a "judgment," changed Appellant's post-judgment rights. Appellees' reliance on *Perez* is thus misplaced.

*Souratgar v. Lee Jen Fair*, which upheld appellate timeliness under materially similar facts, is far more instructive. *See* 818 F.3d 72 (2d Cir. 2016). Like here, the appellant in *Souratgar* filed her notice of appeal more than thirty days after the entry of the trial court's order, but within thirty days of the entry of judgment. *See id.* at 77–78. The Second Circuit determined that the appeal was



#5137893v1

timely for "two *independent* reasons." *Id.* at 78 (emphasis added). Strikingly, Appellees do not even mention—let alone grapple with—the latter reason.

*First*, the Second Circuit found the appeal timely because the trial court's order was not "**a final order *solely* on the issue of attorney**['s] fees." *Id.* (emphasis in original). Like the order in *Souratgar*, the district court's order here did not solely address attorneys' fees; it also resolved Appellees' Motion to File Sur-Reply. For this "independent" reason—separate and apart from its express instruction that a separate judgment be entered—the district court's order did not act as the final judgment on attorneys' fees, and appeal was permitted from the date of judgment.

*Second*, "[q]uite apart from the proper taxonomy of the [trial court's] order within the Rules," *Souratgar* held that the "appeal was timely for a second reason: The order expressly directed the clerk to enter judgment, which the clerk did one week later." *Id.* at 78. According to the Second Circuit, "**[i]n such a circumstance, an appeal may always be taken from the judgment.**" *Id.* (emphasis added). That is because "Rule 4(a) is not a trap to lure prospective appellants into filing untimely notices of appeal where a district court's order—even one that does not require a separate document under Rule 58(a)—expressly directs entry of a



#5137893v1

judgment by separate document." *Id.*[1] That holding is directly on point here: because the district court's order expressly directed the clerk to enter judgment, Appellant's appeal was timely when he filed his notice of appeal within 30 days of the date of judgment.[2] Rather than attempt to distinguish that holding, Appellees pretend it does not exist.

Finally, that an appeal may be taken from the date of judgment when (1) a trial court's order expressly directs the entry of judgment; and (2) a judgment is subsequently entered poses no conflict with the finality principles identified in *Minneapolis-Honeywell*. *See* 344 U.S. at 213 ("[W]e do mean to encourage applicants to this Court to take heed of another principle—the principle that litigation must at some definite point be brought to an end."). Indeed, FRCP 58(c)(2)(B) already ensures that, where a clerk is directed to enter judgment on a separate document but fails to do so, an appellant's time to appeal begins to run 150 days after entry of the initial "judgment" in the civil docket as required by

---

[1] Such a rule applies to represented and unrepresented appellants alike. While Appellees say that Appellant's representation "should not matter," they still underscore that Appellant is not a *pro se* litigant. *See* Appellees' Br. at 19. That is irrelevant here, especially because Court's ruling will impact and provide clarity to all future litigants before it.

[2] Like the appellees in *Souratgar*, Appellees here rely on *S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155 (9th Cir. 2014). *See* Appellees' Br. at 18. And like in *Souratgar*, that reliance is unavailing because "the order appealed from [in *Loof*] resolved a motion seeking only attorney's fees and did not direct entry of a judgment by separate document." 818 F.3d at 78.

Rule 79(a). In this case, because the district court directed the clerk to enter judgment, which the clerk did, an appeal is permitted from the date of the judgment.

## II. Appellant did not forfeit the *argument* that he is entitled to his full reasonable attorneys' fees under 42 U.S.C. § 1988 specifically because § 1997e(d)'s restrictions on prisoners' fees is unconstitutional.

Appellant did not forfeit his constitutional argument; rather, he consistently sought his full attorneys' fees under § 1988. To begin, this Court reviews the district court's forfeiture holding *de novo*. Appellees rely on *ECB USA, Inc. v. Chubb Insurance Co. of New Jersey* to argue that an abuse-of-discretion standard applies to forfeiture determinations made at the district court level, while a *de novo* standard applies only to forfeiture on appeal. *See* Appellees' Br. at 22 (citing *ECB*, 113 F.4th 1312, 1317–18 (11th Cir. 2024), *cert. denied sub nom. ECB USA, Inc. v. Chubb Ins. Co. of NJ*, No. 24-789, 2025 WL 889161 (U.S. Mar. 24, 2025)). But Appellees misread *ECB*.

In *ECB*, the appellees urged this Court to apply an abuse-of-discretion standard to review a district court's ruling that the appellants had forfeited arguments under New Jersey law pertaining to canons of construction in an insurance breach of contract case.[3] *ECB*, 113 F.4th at 1317. This Court *rejected*

[3] Although *ECB* discusses "waiver," the issue presented to the Court was one of forfeiture. *See United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) ("Although jurists often use the words interchangeably, forfeiture is the failure to

appellees' position, stating that it "do[es] not defer to the district court's conclusion that ECB purportedly [forfeited] its New Jersey law arguments when . . . assessing [forfeiture] for appellate purposes." *Id.* at 1317. Instead, the Court held unequivocally that "whether a party has [forfeited] an issue for purposes of appeal is a matter that [it] must assess *de novo*." *Id.* at 1318. Accordingly, whether Appellant forfeited his argument that he is entitled to his full reasonable attorneys' fees under § 1988—*on the ground that § 1997e(d)'s restrictions on prisoners' fees is unconstitutional*—must be reviewed *de novo*.

Because Appellant squarely presented the issue of his entitlement to his full § 1988 fees to the district court, his argument that § 1997e(d) should not be applied to reduce his requested fees is preserved for purposes of this appeal. First, this is not a case where Appellant's purportedly forfeited argument was not at all presented to the district court. *See e.g., Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that *an issue not raised in the district court* and *raised for the first time in an appeal* will not be considered by this court.") (internal quotations omitted) (emphases added). Instead,

make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right."); *see ECB*, 113 F.4th at 1317 ("At reconsideration, ECB raised the last-antecedent and *contra proferentem* canons ***for the first time***, albeit without calling it the *contra proferentem* canon. The district court . . . denied the ECB parties' motion for reconsideration, stating that ECB's new canon arguments had been waived by not being made before the motion for reconsideration.") (bold emphasis added).

this is a case where Appellant claimed his entitlement to his full § 1988 fees in his fee motion and then argued in his reply brief that his fees should not be reduced because § 1997e(d) is unconstitutional. *The district court then recognized and ruled on Appellant's request for his full fees and his constitutional argument*, while denying Appellees' motion to file an already-written sur-reply brief addressing Appellant's constitutional argument. *See* Doc. 340 at 4 (concluding that *Jackson v. State Bd. of Pardons & Paroles*'s holding "that § 1997e(d) is constitutional is . . . binding"). Appellees neither disputed nor reckoned with these facts in their Response Brief. Accordingly, Appellant's argument that he is entitled to his full reasonable attorneys' fees under § 1988, specifically because § 1997e(d) is unconstitutional, was squarely presented to the district court and is preserved for appeal.

Second, Appellant properly raised the issue of his entitlement to his full attorneys' fees under § 1988 to the district court. Even though he offered additional reasons for his entitlement to his full fees in his reply brief, *i.e.*, that § 1997e(d) violates prisoners' right to equal protection, he "did not change [his] requested relief." *Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *1 (11th Cir. Dec. 28, 2023). "What matters [here] is whether [Appellant] 'ma[de] the same request'" for relief. *Smith v. Soc. Sec. Admin., Comm'r*, No. 22-11407, 2023 WL 6938521, at *3 (11th Cir. Oct. 20, 2023) (quoting *In re Home Depot Inc.*,

931 F.3d 1065, 1086 (11th Cir. 2019)). By consistently requesting his *full* fees, Appellant did not forfeit any arguments in support of that request on appeal.

Appellees do not (and cannot) dispute this Court's relief-based standard for permitting new appellate *arguments* in support of preserved relief. Instead, Appellees contend that Appellant "is trying to raise the level of generality of the 'issue' to such a broad level that, under his view, he could raise on appeal any question relating to attorney's fees as long as he files a request for attorney's fees." Appellees' Br. at 23 (emphasis omitted).

Appellees misunderstand Appellant's position. By requesting his *full* fees, Appellant necessarily (and in fact expressly) requested that the district court not apply § 1997e(d)'s fee cap. This Court need look no further than the district court's order to confirm that, by asking the district court to award his *full* fees, Appellant put § 1997e(d)'s validity was directly at issue. *See* Doc. 340 at 3 ("Relying on *Murphy v. Smith* from the Supreme Court, the Eleventh Circuit determined that attorneys' fees requested under § 1988(b) are, in fact, limited by § 1997e(d)(2)"); *id.* at 4 ("In any event, *Jackson*'s holding that § 1997e(d) is constitutional is nonetheless binding, and it's simply 'not the place of a district court to decide when a circuit precedent is overruled or abrogated to the point that it is no longer binding on lower courts.'"). The district court thus erred in holding that Appellant

forfeited the argument that he is entitled to his full attorneys' fees in part because § 1997e(d) is unconstitutional.

Further, this Court's precedent confirms that when an appellant requests specific relief or raises a specific legal theory at the district court level, he may present any additional argument on appeal to support the requested relief or claim, even if those specific arguments were not presented to the district court.[4] *See e.g.*, *In re Home Depot Inc.*, 931 F.3d 1065 (holding that where an appellant made the same request for relief at the district and appellate courts—that a multiplier not be applied to the attorneys' fees—he could present new arguments on appeal in support thereof); *Smith*, 2023 WL 6938521, at *3 ("[A] party [is not] prohibited from basing a new argument on a 'different line of precedents' or from presenting a new argument that is 'inconsistent with the old argument.' What matters is whether a party 'makes the same request.'"); *Bourtzakis v. United States Att'y Gen.*, 940 F.3d 616, 620 (11th Cir. 2019) (holding that the appellant could present a new legal argument in support of his previously asserted theory that his conviction was not an aggravated felony); *VFS Leasing Co. v. Markel Ins. Co.*, 120 F.4th 745, 749–50 (11th Cir. 2024) ("Even though Markel American did not cite to the district court the statutory provision that it highlights on appeal, its theory has consistently been

---

[4] To be clear, Appellant reiterates that the constitutional argument he presents to this Court was both presented and addressed below.

that its obligation to VFS was discharged when the bank accepted the joint checks . . . Thus, we conclude that Markel American did not waive or forfeit its § 673.4141(3) argument.").

None of the cases cited by Appellees change this analysis, as each of those decisions considered only whether an appellant's failure to plainly and prominently raise a claim or issue in *appellate* briefing resulted in abandonment or forfeiture *at the appellate level*. *See e.g.*, *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (holding that "[w]hen an appellant fails to challenge properly *on appeal* one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.") (emphasis added); *Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013) ("[A] party seeking to raise a claim or issue *on appeal* must plainly and prominently so indicate.") (emphasis added); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 n.7 (11th Cir. 2024) ("To be clear, Holden and Mayer do not argue in their briefs before us that the information Holiday reported was incomplete . . . Holden and Mayer have therefore forfeited any argument that the information was incomplete."); *United States v. Montenegro*, 1 F.4th 940, 944 (11th Cir. 2021) ("Although Montenegro did properly preserve the issue below, he only raises the potential safety-valve error in one sentence in his initial brief. Consequently, Montenegro has waived this argument on appeal

because he failed to 'plainly and prominently' raise it by 'devoting a discrete section of his argument' to the claim.").

Moreover, this Court's precedent confirms that "[w]hen an issue or claim is properly before [it], [it] retain[s] the independent power to identify and apply the proper construction of governing law and [is] not limited to the particular legal theories advanced by the parties." *United States v. Holland*, 117 F.4th 1352, 1360–61 (11th Cir. 2024). This standard confirms that the district court's purported refusal to consider Appellant's argument that he is entitled to his full § 1988 attorneys' fees because § 1997e(d)'s is unconstitutional does not preclude this Court from considering the argument. It is undisputed that the constitutionality of § 1997e(d) has been properly and prominently presented to this Court.

Furthermore, even if this Court concludes that the district court properly found a forfeiture, extraordinary circumstances justify reaching the issue. Appellees do not cite a single case in support of their argument to the contrary. Nor do they attempt to distinguish the cases cited by Appellant clearly indicating that extraordinary circumstances are present here. *See e.g.*, *Blue Martini Kendall, LLC v. Miami Dade Cnty. Fla.*, 816 F.3d 1343 (11th Cir. 2016) (citation omitted); *Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 677 F.3d 1286 (11th Cir. 2012); *In re Biscayne Park, LLC*, 540 F. App'x 952, 958 (11th Cir. 2013); *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998). Indeed,

Appellees even appear to concede that this Court should consider Appellant's argument that he is entitled to his full reasonable attorneys' fees under § 1988 given § 1997e(d)'s unconstitutionality because, according to them, "the proper resolution is beyond any doubt." Appellees' Brief at 25 (internal quotations omitted).

Because Appellant's appeal was timely filed following the entry of judgment, and because his constitutional argument in support of his full § 1988 fees was properly preserved—or alternatively, qualifies for appellate consideration under this Court's extraordinary circumstances doctrine—this Court should consider his constitutional challenge to § 1997e(d)'s restrictions on attorneys' fees.

## III. Appellant is entitled to recover his full attorneys' fees under 42 U.S.C. § 1988.

### A. 42 U.S.C. § 1997e(d)'s limits on prisoners' attorney fee awards are unconstitutional.

Section 1997e(d)'s limits on prisoners' attorney fee awards are not at all rationally related to a legitimate government interest, and nothing in Appellees' Response demonstrates otherwise. Instead, Appellees' Response misconstrues both the law and Appellant's arguments.

To begin, Appellees spend several pages laying out standards on which the parties agree and that Appellant himself identified in his opening brief. *See generally* Appellees' Br. at 32-34. Appellant agrees that rational basis review



#5137893v1

applies to the constitutional analysis in this case. *See* Appellant's Br. at 17, 19. And he acknowledges that the promise of equal protection "must coexist with the practical necessity that most legislation classifies for one purpose or another." *Id.* at 18 (quoting *Romer*, 517 U.S. at 631).

However, rational basis review is not "toothless," and Appellees do nothing to distinguish the *controlling* cases that have invalidated government action as irrational. *See Mathews v. Lucas*, 427 U.S. 495, 510 (1976); *see e.g.*, *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985); *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000); *Moreno*, 413 U.S. at 538. Indeed, Appellees do not challenge *at all* the principle that, where a "politically unpopular group" is involved and other provisions or laws already achieve the governmental interest that the challenged classification purports to further, "[t]he existence of these provisions [or laws] necessarily casts considerable doubt upon the proposition that the [challenged classification] could rationally have been intended to [achieve the governmental interest]." *Moreno*, 413 U.S. at 534, 536–37; *see also Cleburne*, 473 U.S. 432 (invalidating a zoning ordinance that prevented the operation of a home for the mentally disabled under rational basis review).

Instead, Appellees misconstrue Appellant's argument, insisting that Appellant merely asserts the blanket claim "that Congress should not be treating prisoners differently." Appellees' Br. at 37. Of course, what Appellant actually

argues is that Congress should not treat prisoners differently *if that differential treatment is not rationally related to a legitimate governmental purpose.* Here, capping the recoverable fees on *successful* civil right actions simply bears no rational relationship to deterring *frivolous* lawsuits.

Appellees even concede that prisoners are "politically unpopular," *see* Appellees' Br. at 36, but they offer no explanation as to why the existence of nearly every other subsection of § 1997e—all designed to reduce frivolous prisoner lawsuits—does not "necessarily cast[] considerable doubt upon the proposition that the [§ 1997e(d)] could rationally have been intended to prevent those very same abuses." *Moreno*, 413 U.S. at 536–37; *see Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (discussing the Prison Litigation Reform Act's exhaustion requirement); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits."). Because the other subsections of § 1997e comprehensively address and are "aimed specifically at the problem[] of" frivolous prisoner litigation, the additional, gratuitous cap on fees for those prisoners who *prevail* in showing that their civil rights were actually violated—and who therefore necessarily have *non-frivolous* claims—can only stem from a "bare congressional desire to harm a politically unpopular group"—which the Supreme Court has definitively held "cannot constitute a legitimate governmental interest." *Moreno*, 413 U.S. at 534.

Appellees also claim that § 1997e(d)'s disparate treatment of prisoners who win monetary judgments and prisoners who win injunctive relief is "obvious[ly] rational[]," because, in their view, "*of course* Congress could be more suspicious of claims for damages." Appellees' Br. at 38 (emphasis in original). But Appellees never explain how Congress could have any basis to be any more suspicious of *proven* claims for damages, as compared to *proven* claims for injunctive relief. Again, the fee cap in § 1997e(d) applies only when a prisoner has *proven his claim in court*, at which point there is no basis for suspicion *at all*.

Appellees further point out the obvious fact that Appellant's challenge to the differential treatment of prisoners based on the type of relief they win "cannot be due to the prisoner's status as a prisoner." Appellees' Br. at 38. So what? Appellees never explain why that would be fatal to Appellant's equal protection claim, and the only case Appellees cite in support is *City of Cleburne v. Cleburne Living Center*. *See* Appellees' Br. at 38. But as *Cleburne* instructs, the equal protection clause "is essentially a direction that all persons similarly situated should be treated alike." 473 U.S. 432, 439 (1985). That is precisely Appellant claims here. Appellant contends that prisoners who prevail on damages claims and prisoners who prevail on injunctive claims are "similarly situated," *id.*, and that § 1997e(d) improperly treats them differently—by capping fees for the former category of prevailing prisoners but not the latter—without any rational justification. Nothing

in *Cleburne* suggests that Appellant cannot raise an equal protection challenge to differential treatment of similarly-situated prisoners in this way.

**B. The prior-panel-precedent rule does not limit this panel's ability to address issues not previously addressed in Jackson.**

This Court's case law provides that "under the prior-panel-precedent rule, [it] must follow the reasoning behind a prior holding *[only] if [it] cannot distinguish the facts or law of the case under consideration*." *Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018) (emphasis added). Thus, where the facts or law of the case before it are different from the facts or law of the case considered by the prior panel, the Court is not bound. *See e.g.*, *United States v. Bazantes*, 978 F.3d 1227, 1243 (11th Cir. 2020) (finding that the prior-panel-precedent rule was inapplicable "where the facts and circumstances are different"); *United States v. Birge*, 830 F.3d 1229, 1233 (11th Cir. 2016) (explaining that "[a] decision can hold nothing beyond the facts of that case") (quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) (collecting cases)); *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 736 (11th Cir. 2024) (declining to apply what was arguably prior-panel-precedent because it was distinguishable from the case before the Court); *Leger v. U.S. Att'y Gen.*, 101 F.4th 1295, 1303 (11th Cir. 2024) ("[T]he prior precedent rule applies only to the actual holdings of prior decisions *on issues that were actually decided by the earlier panel*.") (emphasis in original). Indeed, "[t]o the extent that an earlier decision is distinguishable from the case at hand, it may be a prior

precedent, but ***it is not one that can dictate the result of the current case under the prior precedent rule.***" *Bazantes*, 978 F.3d at 1244 (emphasis added).

In *Birge*, this Court considered whether its prior panel decisions holding that a defendant's prison sentence was eligible for enhancement when the defendant actually targeted a vulnerable victim necessarily required subsequent panels of the Court to hold that a defendant is *not* eligible for the enhancement *unless* he or she targets a vulnerable victim. *See Birge*, 830 F.3d at 1233. The Court held that it was not bound by its earlier decisions because, "in each one of those cases[,] the defendant did target a vulnerable victim . . . [and a] decision can hold nothing beyond the facts of that case." *Id.* (citation omitted).

Similarly, in *Leger*, this Court considered whether its prior panel decisions concerning "what type of behavior or conduct constitutes the sexual abuse of a minor" bound its consideration of "whether the generic federal offense of the sexual abuse of a minor requires any age differential between the perpetrator and the victim." 101 F.4th at 1303. This Court ultimately concluded that the prior cases did not bind it, explaining that "the prior precedent rule applies only to the actual holdings of prior decisions *on issues that were actually decided by the earlier panel*." *Id.* (quoting *Bazantes*, 978 F.3d at 1244) (emphasis added in *Leger*).

Like the prior-panel-decisions that could not control the outcomes in *Birge* and *Leger*, *Jackson* cannot hold anything beyond the facts of that case or be

deemed to have decided issues that were never actually before it. *Jackson* concerned a prisoner who was granted injunctive relief after the district court held that the State Board of Pardons & Paroles's retroactive enforcement of a time-served parole policy violated the prisoner's rights under the Ex Post Facto Clause of the United States Constitution. *See Jackson*, 331 F.3d 790; *Jackson v. State Bd. of Pardons & Paroles*, No. CIV. 2:01-CV-068-WCO, 2002 WL 1609804, at *12 (N.D. Ga. May 30, 2002). Importantly, the prisoner in *Jackson* argued that "§ 1997e(d) violates his right to equal protection under the Fifth Amendment by restricting the attorney's fees awards of prisoners while permitting other litigants to recover full attorney's fees awards," and that was the *only* issue before the Court. 331 F.3d at 796.

The instant case is factually and legally distinct from *Jackson*. Here, Appellant was awarded monetary damages after a jury determined that Appellees violated his constitutional right to be free from cruel and unusual punishment by repeatedly failing to give him his prescribed Hepatitis C treatment. *See* Doc. 1; Doc. 319. Moreover, Appellant argues that § 1997e(d) is unconstitutional for reasons never considered by this Court (in *Jackson* or otherwise) or by any other circuit court—namely, that the statute irrationally treats prisoners who recover monetary damages in their lawsuits, including Appellant, differently than prisoners awarded injunctive or declaratory relief under the same circumstances. Because

*Jackson* did not rule on that issue, the prior-panel-precedent rule is inapplicable, and this Court is not bound by its holding.

Even if the prior-panel-precedent rule applies to the issue of whether "§ 1997e(d) violates [Appellant's] right to equal protection under the Fifth Amendment by restricting the attorney's fees awards of prisoners while permitting other"—*i.e.*, non-prisoner—"litigants to recover full attorney's fees awards," *Jackson*, 331 F.3d at 796, that simply does not preclude this Court from ruling on the newly-presented issue here, including whether § 1997e(d) violates Appellant's right to equal protection by treating him differently than prisoners awarded injunctive or declaratory relief.

Respectfully submitted this 7th day of May, 2025.

***/s/ Amanda D. Bradley***

Manoj S. Varghese
Georgia Bar No. 734668
Jeffrey W. Chen
Georgia Bar No. 640207
Amanda D. Bradley
Georgia Bar No. 560602

BONDURANT MIXSON
& ELMORE LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4104
varghese@bmelaw.com
chen@bmelaw.com
bradley@bmelaw.com

*Attorneys for Appellant-Plaintiff*
*Ricky Johnson*

## CERTIFICATE OF COMPLIANCE

This reply brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because this brief contains a total of 5,300 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (f) and 11th Cir. R. 32-4.

This reply brief also complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on May 7, 2025.

***/s/ Amanda D. Bradley***

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Counsel for all parties will be served with the foregoing document by the Court's CM/ECF System.

***/s/ Amanda D. Bradley***

EXHIBIT 2

Case No. 24-11799-D

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

RICKY JOHNSON,

Plaintiff-Appellant,

v.

HEATHER TURNER, et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Georgia
District Court Case No. 5:16-cv-00453-TES-MSH

* * * * * * * * * *

## DECLARATION OF VIRGINIA R. LAYMON

Appellant respectfully submits this Declaration in support of his Motion for Leave to File Reply Brief Out of Time.

1. I, Virginia R. Laymon, am employed as a Legal Assistant at Bondurant, Mixson & Elmore LLP.

2. In my capacity as a Legal Assistant, I assist attorneys at the firm with tracking filing deadlines as well as completing electronic filings in the United States Court of Appeals for the Eleventh Circuit using the PACER/ECF system.

3. On May 7, 2025, I assisted Appellant's counsel at Bondurant, Mixson & Elmore, LLP with the filing of Appellant's Reply Brief.

4. The deadline for Appellant's Reply Brief was May 7, 2025 at 11:59 PM.

5. At approximately 11:55 PM on May 7, 2025, I attempted to submit Appellant's Reply Brief using the PACER/ECF system. While I have used the system countless times before, it was unusually slow on May 7, 2025.

6. When I first attempted to upload the pdf of the Brief prior to the filing deadline, the Brief was slow to load onto the system. Then, I received a message (still prior to the deadline) indicating that the pdf of the Brief was unable to upload. Given the time and my desire to ensure that the Brief was submitted timely, I did not screenshot the message.

7. Instead, I reloaded the PACER/ECF system and attempted to upload the pdf of the Brief again. Appellant's Reply Brief was accepted in the PACER/ECF system at 12:01 AM on May 8, 2025.

8. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of May, 2025.

*<u>/s/ Virginia R. Laymon</u>*
Virginia R. Laymon